UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRIAN  TIDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:15-cv-00007-RLY-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| JACKSON COUNTY, INDIANA, | ) | |
| THE JACKSON COUNTY PROBATION | ) | |
| DEPARTMENT, | ) | |
| THE 40TH JUDICIAL DISTRICT, | ) | |
| NORMAN  PHILLIPS in his personal and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTIONS FOR LEAVE
TO FILE AMENDED COMPLAINTS AND ON DEFENDANTS'
MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Brian Tidd, was formerly employed as a probation officer in Jackson

County, Indiana.  Following his termination, Plaintiff filed suit against the State of

Indiana, Jackson County, the Jackson County Probation Department, the 40th Judicial

District, and Norman Phillips, in his personal and official capacity.  On March 10, 2015,

Jackson County, the Jackson County Probation Department, and Norman Phillips

(collectively, the "County Defendants") filed a Motion to Dismiss for Failure to State a

1

Claim and for Final Judgment.  On the same day, the State of Indiana and the 40th

Judicial District[1] ("State Defendants"), filed a Motion to Dismiss Plaintiff's Complaint.

Plaintiff thereafter filed a Motion for Leave to File Amended Complaint and Demand for

Jury Trial and, just days later, filed a Motion for Leave to File Second Amended

Complaint and Demand for Jury Trial.  Both motions for leave are unopposed.  The court,

being duly advised, **DENIES as MOOT** the Motion for Leave to File Amended

Complaint, and **GRANTS** the Motion for Leave to File Second Amended Complaint.

The Second Amended Complaint names the following persons as defendants: the

Honorable Bruce Markel, the Honorable Bruce McTavish, the Honorable Richard

Poynter, and Norman Phillips.  The County Defendants are sued in both their individual

and official capacities under 42 U.S.C. § 1983 for terminating Plaintiff's employment

because of his age, in violation of the Equal Protection Clause.  Because the Second

Amended Complaint does not name the State of Indiana or the 40th Judicial Circuit as

parties, the State Defendants' Motion to Dismiss is **DENIED as MOOT**.

## I.    Background

Plaintiff began his employment as a probation officer in Jackson County in

February 1996.  (Second Am. Compl. ¶ 13).  At all relevant times, Phillips was the Chief

Probation Officer of the 40th Judicial Circuit.  (*Id.* ¶ 16).  Plaintiff alleges "Defendants

Markel, McTavish, and Poynter directed Defendant Phillips to terminate a probation

---

[1] Tidd's initial complaint named the "40th Judicial District"—apparently instead of the 40th
Judicial Circuit.  Tidd's amended complaints do not name either the 40th Judicial District or
Circuit.  (Filing No. 24-2, Am. Compl. at ¶¶ 3–5; Filing No. 26-2, Second Am. Compl. at ¶¶ 3–
5).

officer, but left the decision of which probation officer to terminate up to Phillips." (*Id*. ¶ 17).  Phillips informed Plaintiff he was being terminated on December 13, 2013, even though "he did not do anything wrong."  (*Id*. ¶ 18).   At the time of his termination, Plaintiff was forty-seven years old, and was "substantially older than other similarly situated probation officers"  who were not terminated.  (*Id*. ¶ 20).

## II.    Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In analyzing the sufficiency of a complaint, the court must "construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor."  *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678. The degree of specificity required by *Twombly* and *Iqbal* is "not easily quantified," but the plaintiff must allege facts sufficient to "'present a story that holds together.'"  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson v. CitiBank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

## III.   Discussion

Only the County Defendants' motion to dismiss the Section 1983 claims against Chief Probation Officer Phillips, in his personal capacity, remains for the court's consideration.  Phillips raises four issues in support of dismissal.[2]  They are addressed below.

First, Phillips argues he cannot be held personally liable because he did not have the statutory authority to terminate Plaintiff.  Indiana Code § 11-13-1-1 provides that probation officers "serve at the pleasure of the appointing court," but that a court "may designate a probation officer to direct and supervise the work of the probation department."   Phillips, as Chief Probation Officer, could therefore direct and supervise the work of other probation officers, but he could not appoint or remove them.

In Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendants Markel, McTavish, and Poynter ordered Phillips to terminate a subordinate probation officer, and left the ultimate decision of whom to terminate to Phillips.  (Second Am. Compl. ¶ 17).  Accepting Plaintiff's allegations as true, the judges gave Phillips the authority to terminate a probation officer, and Phillips chose Plaintiff.  Thus, at a minimum, whether Phillips had the authority to terminate Plaintiff's employment is

---

[2] Unlike Plaintiff's former Complaint, Plaintiff's Second Amended Complaint does not allege a budgetary explanation for his termination.  Therefore, the County Defendants' rational basis argument rooted in *Bervid v. Alvarez*, 647 F.Supp.2d 1006 (N.D. Ill. 2009) is no longer at issue.

subject to dispute.  Accordingly, the County Defendants' motion to dismiss on that ground is **DENIED**.

Second, the County Defendants argue that Plaintiff fails to state a claim that "CPO Phillips intentionally discriminated" against Plaintiff because of his age, in violation of the Equal Protection Clause of the Fourteenth Amendment.  (Filing No. 17 at 12).  To state a claim for an equal protection violation, a plaintiff must show that (1) the defendants discriminated against him based on his membership in a definable class and (2) the defendants acted with a "nefarious discriminatory purpose." *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996).  "Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group."  *Id*. (internal quotations omitted); *see also Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 832 (7th Cir. 2012) (stating that a Section 1983 disparate treatment claim based on a violation of the Equal Protection Clause in the employment context requires a plaintiff to offer "facts that might plausibly support" discriminatory intent; the conclusory allegation that "Defendants' conduct was undertaken because of [the plaintiff's] race . . ." is insufficient); *Rangel v. Brown*, 445 F.Supp.2d 936, 938 (N.D. Ill. 2006) (finding plaintiff's allegation that "she was discharged for complaining about sexual harassment in violation of her right to equal protection contains the inference that she was discharged at least in part because she was a woman, and that similarly situated male employees were treated differently than she was").

Here, Plaintiff claims he was substantially older than other similarly situated probation officers who were not terminated, and that "he did not do anything wrong." (Second Am. Compl. ¶¶ 18, 21).  No reason for his termination – other than discrimination – is pleaded.  (*See id*.).  Plaintiff's factual allegations, assumed to be true, support the inference that Phillips chose to terminate Plaintiff at least in part because of his age.  Plaintiff's allegations are sufficient to "nudge[] his claims" of invidious discrimination "across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680 (internal quotation marks and citation omitted).  Accordingly, the County Defendants' motion to dismiss on that ground is **DENIED**.

Next, the County Defendants argue that, even if the court were to find Plaintiff states a valid equal protection claim against Phillips in his personal capacity, Phillips is entitled to qualified immunity.  The doctrine of qualified immunity "shields public officials from liability when they act in a manner that they reasonably believe is lawful." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009).  In  determining whether Phillips is entitled to qualified immunity, the court considers (1) whether the defendant violated a constitutional right and (2) whether the right was clearly established.  *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that a court may decide the questions in whatever order is best suited to the case)).  Because the court finds Plaintiff states a plausible claim for relief under the Equal Protection Clause, the court need only address the second prong.

The County Defendants argue that the "equal protection right asserted by [Plaintiff] was not clearly established at the time of his termination in December 2013."

6

"A right is clearly established when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Levin v. Madigan*, 692 F.3d 607, 622 (7th Cir. 2012) (internal quotation marks and citation omitted).  At the time of Plaintiff's termination, a reasonable person would have understood that discriminating against someone based upon his or her age was unlawful.  *Id.* (holding the individual defendants were not entitled to qualified immunity because "[a]t the time of the alleged wrongdoing, it was clearly established that age discrimination in employment violates the Equal Protection Clause" and citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 83 (2000)). Accordingly, Phillips is not entitled to qualified immunity at this stage of the litigation.

Finally, the County Defendants argue the ADEA precludes government employees from invoking Section 1983 to bring age-based employment discrimination claims under the Equal Protection Clause.  In *Levin*, the Seventh Circuit rejected that argument, holding that the ADEA does not preclude the use of Section 1983 to bring equal-protection age discrimination claims.  692 F.3d at 621–22.  The court is bound by that ruling.

## IV.    Conclusion

For the reasons set forth above, the Plaintiff's Motion for Leave to File Second Amended Complaint and Demand for Jury Trial (Filing No. 26) is **GRANTED**; Plaintiff's Motion for Leave to File Amended Complaint and Demand for Jury Trial (Filing No. 24) is **DENIED as MOOT**.  In addition, the County Defendants' Motion to

7

Dismiss and for Final Judgment (Filing No. 16) is **DENIED**, and the State Defendants'

Motion to Dismiss for Failure to State a Claim (Filing No. 18) is **DENIED as MOOT**.

**SO ORDERED** this 14th day of July 2015.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.